IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE CONFEDERATED TRIBES OF SILETZ INDIANS OF OREGON, | ) ) |
|     Plaintiff, | ) Civil No. 80-433 |
|     and | ) ) JOINT STIPULATED MOTION |
| UNITED STATES OF AMERICA, | ) TO VACATE FINAL DECREE & ) ORDER |
|     Intervenor-Plaintiff | ) |
| v. | ) ) |
| STATE OF OREGON, | ) |
|     Defendant. | ) ) |

Come now the parties to the above-entitled action, the Confederated Tribes of Siletz Indians, the United States of America, and defendant State of Oregon, and jointly move the Court to vacate the Final Decree and Order entered by the Court on May 2, 1980, pursuant to Fed. R. Civ. Proc. 60(b)(5) and 60(b)(6). The District Court for the District of Oregon entered a Final Decree and Order and Findings of Fact and Conclusions of Law in *Confederated Tribes of Siletz Indians of Oregon v. State of Oregon*[1], Civil No. 80-433, May 2, 1980, Judge James M. Burns presiding ("Consent Decree"). Copies of Decree and Order, and Findings of Fact and

---

[1] The Siletz Tribe has since dropped "of Oregon" from its official federally recognized name.

Page 1 - MOTION TO VACATE

Conclusions of Law attached as **Exhibit 1** to this Motion. The Consent Decree incorporates an "Agreement Among the State of Oregon, the United States of America, and the Confederated Tribes of Siletz Indians of Oregon to Permanently Define Tribal Hunting, Fishing, Trapping and Gathering Rights of the Siletz Tribe and Its Members," dated April 22, 1980 ("1980 Agreement"). *See* Ex. 1 at 4–20. Paragraph 4 of the Consent Decree and Order left the proceedings open for any party to reapproach the federal court to bring "any action necessary to enforce or secure observance of the provisions of said Agreement." *Id.* at 2. Grounds for this Joint Stipulated Motion are as follows:

**History:**

1. The Confederated Tribes of Siletz Indians ("Siletz Tribe") is a confederation of tribes and bands of Indians from throughout western Oregon who entered into ratified treaties with the United States, negotiated treaties with the United States that were never formally ratified, or did not negotiate treaties, who were removed to and confederated together as one federally-recognized tribe on the Siletz Coast Reservation, established by Presidential Executive Order on November 9, 1855. *See* 1 Kappler Indian Affairs: Laws and Treaties 891 (U.S. GPO 1906). This Executive Order Reservation was reduced over time by various federal statutes and Presidential Executive Orders.

2. The Siletz Tribe and its constituent tribes and bands were "terminated" by Congressional legislation which passed in 1954 ("Termination"). *See* Western Oregon Indians Termination Act, 25 U.S.C. § 691 *et seq*. This legislation did not "terminate" the Siletz Tribe as a tribe but instead terminated the federal government's trust relationship with the Siletz Tribe and its members such that the United States would no longer afford the Siletz

Tribe or its members rights or protections due to federally recognized tribes or Indians under federal law.

3. Federal termination of the Siletz Tribe did not address the Siletz Tribe's hunting, fishing, trapping or gathering rights ("HFT&G Rights") under federal law. The State maintained that it had the right to enforce State hunting and fishing laws against the Siletz Tribe and its members after termination.

4. The Siletz Tribe sought and successfully achieved restoration of status as a federally recognized tribe through federal legislation on November 18, 1977. 25 U.S.C. § 711 *et seq.* ("Restoration Act"). Siletz Restoration occurred during the middle of what became known as the Northwest fish wars, which involved recognition of tribal treaty fishing rights and the battle between Indian and non-Indian fishermen for use and control of the precious fish resource in the region. *See*, *e.g.,* C.F. Wilkinson, Treaty Justice: The Northwest Tribes, the Boldt Decision, and the Recognition of Fishing Rights, U. of Washington Press 2024; *United States v. Washington*, 384 F. Supp. 312 (W.D. Wash. 1974), *aff'd*, 520 F.2d 676 (9th Cir. 1975); *Sohappy v. Smith*, 302 F. Supp. 899 (D. Or. 1969), *aff'd*, 529 F.2d 570 (9th Cir. 1976) (later converted into *United States v. Oregon*, Civ No. 68-513MA). The original draft of the Restoration Act specifically restored any HFT&G Rights the Tribe may have lost through Termination. In the end, the Siletz Restoration Act as enacted remained neutral on HFT&G Rights: "This subchapter shall not grant or restore any hunting, fishing, or trapping right of any nature, including any indirect or procedural right or advantage, to the tribe or any member of the tribe, nor shall it be construed as granting, establishing, or restoring a reservation for the tribe." 25 U.S.C. § 711a(c). This language did not appear to affect any pre-existing HFT&G rights

which may have survived termination. *See*, *e.g.*, *Menominee Tribe v. United States*, 391 U.S. 404 (1968); *Kimball v. Callahan*, 493 F.2d 564 (9th Cir. 1974); 590 F.2d 768 (9th Cir.), *cert. denied*, 444 U.S. 826 (1979).

5. The Siletz Restoration Act did not re-establish a reservation or land base for the Siletz Tribe. The Restoration Act stated that any reservation for the Siletz Tribe must be established by further Act of Congress. 25 U.S.C. § 711e(a). The Restoration Act required development of a reservation plan by the Secretary of Interior in negotiation with the Siletz Tribe. 25 U.S.C. § 711e(b). Development of a Siletz Reservation Plan also required consultation with the State to assure that legitimate State and local interests were not prejudiced, including "hunting, fishing, and trapping rights of the tribe and members of the tribe, on the reservation." 25 U.S.C. § 711e(c)(4).

6. To satisfy the provision of Section 711e(c)(4), the United States as trustee for the Siletz Tribe engaged in negotiations with the Siletz Tribe and the State of Oregon over the Siletz Tribe's HFT&G Rights. This was necessary for the Siletz Tribe to obtain a reservation, a critical aspect of tribal sovereignty since tribal jurisdiction is in part based on territory. *See*, *e.g.*, *White Mt. Apache Tribe v. Bracker*, 448 U.S. 136, 142 (1980).

7. The Tribe's congressional representative, Les AuCoin, who was involved in the Siletz Tribe's Restoration Act in 1977, took the position in 1980 that he would not let the Siletz Tribe's Reservation Act pass until the Siletz Tribe's HFT&G Rights were resolved to the satisfaction of the State of Oregon. Statement by Congressman Les AuCoin, 1st District, Oregon, on Siletz Reservation Bill to the United States District Court for the District of Oregon, May 2, 1980, attached to this Motion as **Exhibit 2** and incorporated herein by reference.

Page 4 - MOTION TO VACATE

8. The State of Oregon, the Siletz Tribe, and the United States concluded an HFT&G Agreement on April 22, 1980. ("1980 Agreement"), *see* Ex. 1. The 1980 Agreement was registered as a Decree and Judgment of the Federal Court, initiated by filing a complaint on April 23, 1980, in *Confederated Tribes of Siletz Indians of Oregon v. State of Oregon*, Civ. No. 80-433.  As described above, the Final Decree and Order in that case was entered by the Court on May 2, 1980, incorporating the 1980 Agreement into the Court's Order and Decree. *See* Ex. 1. The Consent Decree and 1980 Agreement settled the Siletz Tribe's HFT&G Rights, which had never previously been litigated.

9. The Siletz Tribe asserts that a substantial number of members of the Siletz Tribe were not in favor of the Consent Decree or 1980 Agreement, and a number of tribal members testified against the Consent Decree. *See* Transcript of Proceedings, May 2, 1980, *The Confederated Tribes of Siletz Indians of Oregon v. State of Oregon*, Civil No. 80-433, D. Or. Judge Burns ruled that the Siletz Tribal Council had the authority to act on behalf of its members in agreeing to the Consent Decree. The Tribal Council felt that it was forced into the unsatisfactory choice of obtaining a reservation or having to agree to give up the exercise of its HFT&G rights. The Tribal Council decided that obtaining a reservation was more important at the time, to confirm the Siletz Tribe's sovereignty and territorial jurisdiction. The Siletz Tribe is the only Indian tribe in the United States aside from the Confederated Tribes of the Grand Ronde Community of Oregon (who were forced to enter into a similar Consent Decree a few years later to obtain its reservation) who had to essentially give up their HFT&G rights to regain status as a federally recognized tribe and acquire a modest reservation. The Siletz Tribe and its members endured significant harm

Page 5 - MOTION TO VACATE

by being forced to forego exercise of their HFT&G rights as the price for a reservation and to be treated equally with other federally recognized tribes.

10. In addition to entry of the Consent Decree in federal court in Oregon, the Siletz Reservation Act, Public Law No. 96-340, 94 Stat. 1072, Sept. 4, 1980 (later amended in unrelated ways) ("1980 Reservation Act"), stated in Section 4:

> The establishment of the Siletz Reservation or the addition of lands to the reservation in the future, shall not grant or restore to the tribe or any member of the tribe any new or additional hunting, fishing, or trapping rights of any nature, including any indirect or procedural right or advantage, on such reservation beyond the rights which are declared and set forth in the final judgment and decree of the United States District Court for the District of Oregon, in the action entitled Confederated Tribes of Siletz Indians of Oregon against State of Oregon, entered on May 2, 1980. Those rights as declared and set forth in the May 2, 1980 final judgment and decree shall constitute the exclusive and final determination of all tribal rights to hunt, fish, or trap that the Siletz Tribe or its members possess.

11. The 1980 Agreement gave the Siletz Tribe and its members very few hunting, fishing, trapping or gathering opportunities in addition to those otherwise available to all citizens of the State of Oregon, and only in restricted circumstances, in severely restricted numbers, and in a limited geographic area.

12. Since 1980, the Northwest fish wars have quieted as various federal court rulings have settled the nature, extent, and management of Indian fishing rights over a 50-year period. In addition, the Siletz Tribe, primarily through its Natural Resources Department, and the Oregon Department of Fish and Wildlife ("ODFW") have developed a productive and cooperative relationship in the management and regulation of wildlife subject of the 1980 Agreement and of habitat management and restoration in traditional Siletz territory.

13. The Siletz Tribe and its members have long sought to overturn the severe restriction of HFT&G Rights imposed on it and them in the 1980 Agreement, the Consent Decree, and

the 1980 Reservation Act. Beginning in 2016, the Siletz Tribe approached the State of Oregon and ODFW to discuss whether the State would be willing to reconsider the severe restrictions of HFT&G Rights imposed on the Siletz Tribe and its members in the 1980 Agreement and in the Consent Decree.

14. The Governor of Oregon and Oregon's congressional representatives have since acknowledged that the 1980 Agreement and Consent Decree were a product of their times and represented a biased and distorted position on tribal sovereignty, tribal traditions, and the Siletz Tribe's ability and authority to manage and sustain wildlife populations it traditionally used for tribal ceremonial and subsistence purposes. These statements include the following:

   a. Congresswoman Val Hoyle, Dist. 4, Oregon: Statement: "The consent decree that is keeping the Confederated Tribes of Siletz Indians from negotiating additional fishing and hunting areas is rooted in unjust and quite frankly racist policy which needs to be changed immediately. I'm glad to work with members of the Oregon delegation as well as Tribal Chairman Dee Pigsley to right this historic wrong."[2]

   b. Senator Jeff Merkley, Oregon: "The Confederated Tribes of Siletz Indians and the Confederated Tribes of Grand Ronde were forced to give up their traditional ability to hunt, fish, and gather on tribal land as the price to restore their homelands. This historic injustice has stood for far too long. This legislation would finally give the tribes the legal ability to renegotiate these restrictive agreements that have prevented them from engaging in these traditional activities. It's long past time to remove these restrictions so that the Siletz and Grand Ronde tribes can finally engage in these activities again."[3]

   c. Senator Ron Wyden, Oregon: "It's long past time to end the unjust and racist policy that has kept the Siletz and Grand Ronde Tribes from renegotiating new fishing and hunting agreements with the State. Members of these tribes should be able to hunt, fish and gather food on their ancestral lands without government

---

[2] Lincoln County Leader, *Restoring Fairness: Congressional Legislation Proposed for Local Tribes,* April 26, 2023, available at https://www.thenewsguard.com/news/restoring-fairness-congressional-legislation-proposed-for-local-tribes/article_1e645c6e-e466-11ed-ae43-6b66510f5909.html?utm_medium=social&utm_source=email&utm_campaign=user-share (last visited May 8, 2024).

[3] *Id.*

Page 7 - MOTION TO VACATE

      overreach and intervention. I will continue to partner with Chairs Pigsley and Kennedy, as well as the chairs of the other seven federally recognized tribes in Oregon to continue to protect tribal sovereignty."[4]

    d.    Governor Tina Kotek: "The legislation gives the Siletz and the State of Oregon the legal ability to change a discriminatory legal clause, restoring the Siletz Tribe's right to gather, hunt, and fish on their ancestral lands. . . . Each Oregon Tribe deserves their sovereign right to hunt, fish, and gather on their ancestral land. This legislation passed by the United States Congress rightly counters a 1980 decree that forced the Siletz to lose those rights in exchange for getting their status and land restored. No Tribe should have to choose between restoration or the right to hunt and gather on their land. I am appreciative of Congresswoman Val Hoyle and Senator Jeff Merkley for their advocacy to set history straight for the Siletz, and I strongly encourage President Biden to sign this legislation into law."[5]

15. Oregon Department of Fish and Wildlife, exercising its broad authority over wildlife resources in Oregon pursuant to ORS 496.012, 496.138 and 496.146, entered into a new HFT&G Agreement with the Siletz Tribe approved June 16, 2023, effective date July 7, 2023 at OAR 635-800-0500 ("2023 Agreement"). This 2023 Agreement provides expanded wildlife harvest opportunities for the Siletz Tribe and its members, and specifically removes any prohibition on the future determination of the Siletz Tribe's hunting, fishing, trapping and gathering rights under federal law in any appropriate forum.

16. The 2023 Agreement does not replace, terminate or change the 1980 Agreement. Both agreements exist as ODFW regulations. ODFW is currently choosing under its broad wildlife authority to enforce the 2023 Agreement rather than the 1980 Agreement, but that policy choice could change under a future State administration.

---

[4] *Id.*

[5] Oregon, State of Oregon Newsroom, December 20, 2023, https://apps.oregon.gov/oregon-newsroom/OR/GOV/Posts/Post/governor-kotek-issues-statement-on-siletz-consent-decree-passage-26450 (last visited May 8, 2024).

Page 8 - MOTION TO VACATE

17. The parties are not asking the federal district court to replace the 1980 Agreement that is currently incorporated in the 1980 Consent Decree with the 2023 Agreement. Rather, the parties are seeking in this Motion to Vacate to remove the federal court from enforcement and management of HFT&G Rights between the State and the Siletz Tribe. The State and Tribe believe they are capable of and committed to management of wildlife rights between the two sovereigns on their own and in a cooperative manner.

18. The Siletz Tribe drafted and introduced federal legislation to remove the federal statutory reference to and incorporation of the 1980 Agreement and Consent Decree from the Siletz Reservation Act. *See* H.R. 2839, 118th Cong., 1st Sess., Introduced on April 25, 2023. HR 2839, "An Act to amend the Siletz Reservation Act to address the hunting, fishing, trapping, and animal gathering rights of the Confederated Tribes of Siletz Indians," was formally enacted into federal law on December 26, 2023. Public Law No. 118-33, 137 Stat. 1110, Dec. 26, 2023. Copy attached as **Exhibit 3**.

19. Public Law No. 118-33 § (1) rescinded the prohibitory HFT&G language from the 1980 Siletz Reservation Act and replaced it with language allowing the Tribe and the State to enter into a new HFT&G Rights Agreement under State law. Language declaring the 1980 Agreement and federal court Consent Decree to permanently define and limit the Siletz Tribe's HFT&G Rights was removed from the Siletz Reservation Act.

20. Section (1)(c) of Public Law No. 118-33 specifically also addressed the issue of revisiting the 1980 Consent Decree and Order in the following language:

> (c) JUDICIAL REVIEW. — In any action brought in the United States District Court for the District of Oregon to rescind, overturn, modify, or provide relief under Federal law from the Consent Decree, the United States District Court for the District of Oregon shall review the application of the parties on the merits without regard to the defense of res judicata or collateral estoppel.

Page 9 - MOTION TO VACATE

21. Vacating or overturning the 1980 Consent Decree will not create, grant, restore or confirm any new Siletz HFT&G Rights by itself. All it will do is remove the prohibition on any Siletz HFT&G Rights except those explicitly set out in the 1980 Agreement and 1980 Consent Decree.

22. All parties to the 1980 Consent Decree and Order – the Confederated Tribes of Siletz Indians, the State of Oregon, and the United States of America – support vacating or overturning the 1980 Consent Decree.

**Legal Authority:**

1. Fed. R. Civ. Proc. 60(b)(5) allows the federal court, on motion and just terms, to "relieve a party or its legal representative, from a final judgment, order, or proceeding [if] . . . applying [the judgment] prospectively is no longer equitable."

2. Fed. R. Civ. Proc. 60(b)(6) allows the federal court, on motion and just terms, to "relieve a party or its legal representative, from a final judgment, order, or proceeding [for] any other reason that justifies relief."

3. Section (1)(c) of Public Law No. 118-33 states that "In any action brought in the United States District Court for the District of Oregon to rescind, overturn, modify, or provide relief under Federal law from the Consent Decree, the United States District Court for the District of Oregon shall review the application of the parties on the merits without regard to the defense of res judicata or collateral estoppel."

4. The parties to this case agree that it is no longer equitable to apply and impose the 1980 Consent Decree against the Siletz Tribe, and that it is appropriate to vacate the 1980

Consent Decree and Order in its entirety. There are no other parties to the 1980 Consent Decree other than the Siletz Tribe, the State of Oregon, and the United States.

## REQUEST FOR RELIEF

The Confederated Tribes of Siletz Indians, the State of Oregon, and the United States of America stipulate to and jointly request that the Court vacate the Final Decree and Order in *The Confederated Tribes of Siletz Indians of Oregon v. State of Oregon*, Case No. 80-433, District of Oregon, entered on May 2, 1980. Vacating the Final Decree and Order shall have the effect as a matter of federal law of vacating the Agreement Among the State of Oregon, the United States of America and the Confederated Tribes of Siletz Indians to Permanently Define Tribal Hunting, Fishing, Trapping and Gathering Rights of the Siletz Tribe and Its Members dated April 22, 1980 as the final settlement of any or all of the Siletz Tribe's legal claims to hunting, fishing, trapping or gathering rights under federal law, as set out in the Consent Decree and in the 1980 Siletz Reservation Act. It will not affect the 1980 Agreement as currently set out in Oregon Regulations at OAR 635-041-0600. The Oregon Fish and Wildlife Commission will need to take separate action under state law to rescind the 1980 Agreement as a state regulation.

Submitted this __10th__ day of __October__ 2024.

**Dorsay & Easton LLP**

By: *s/ Craig J. Dorsay*_____

Craig J. Dorsay, OSB #79013
craig@dorsayindianlaw.com
Lea Ann Easton, OSB #881413
Leaston@dorsayindianlaw.com
Corin La Pointe-Aitchison, OSB #180841
corin@dorsayindianlaw.com
Kathleen Gargan, OSB #193613
katie@dorsayindianlaw.com

Page 11 - MOTION TO VACATE

Dorsay & Easton LLP
Suite 208, 1737 NE Alberta
Portland, OR 97211
(503) 790-9060

**United States of America**

By: *s/ Gina L. Allery*

Gina L. Allery
Deputy Assistant Attorney General
Environment and Natural Resources Division

By: *s/ Natalie K. Wight*

Natalie K. Wight, United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

**State of Oregon**

By: *s/ Deanna Chang*
Deanna Chang, OSB #192202
deanna.j.chang@doj.oregon.gov
Assistant Attorney General
Oregon Department of Justice
100 SW Market
Portland, OR 97201