RECEIVED
MAY 2 1980
CLERK, U.S. DISTRICT COURT
DISTRICT OF OREGON

U. S. DISTRICT COURT
DISTRICT OF OREGON
FILED
MAY 2 1980
               CLERK
BJW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE CONFEDERATED TRIBES OF SILETZ INDIANS OF OREGON, <br><br> Plaintiff, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> STATE OF OREGON, <br><br> Defendant. | CIVIL NO. 80-433 <br><br> <u>FINAL DECREE & ORDER</u> |

    Based on the Findings of Fact and Conclusions of Law herein, entered this date, it is HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

    1. The Agreement Among the State of Oregon, the United States of America and the Confederated Tribes of the Siletz Indians of Oregon to Permanently Define Tribal Hunting, Fishing, Trapping and Gathering Rights of the Siletz Tribe and Its Members dated April 22, 1980, a copy of which is attached hereto as Attachment A and hereby made a part of this Decree, is hereby approved as a final settlement of the claims and contentions of the Confederated Tribes of Siletz Indians of Oregon and of the United States of America as trustee for said Tribe and its members raised in the complaints filed herein, and the terms and conditions of said Agreement are hereby adtoped as the Order of this court in this cause.

Form OBD-183
12-8-76 DOJ

Indian Resources Sec.
MAY 05 1980

30

Exhibit 1 to Joint Stipulated Motion to Vacate

2. The State of Oregon, the Oregon Department of Fish and Wildlife, the Department of Justice of the State of Oregon, the Oregon State Police, any successor agencies or officials of the State of Oregon to said agencies and their officers, agents, servants, employees, attorneys and any person acting under their authority and direction are hereby permanently ordered and enjoined to carry out all obligations agreed to on behalf of the State of Oregon and said agencies in said Agreement.

3. The Confederated Tribes of Siletz Indians of Oregon, any successor entity thereto, their members, and the United States of America as trustee for the Confederated Tribes of Siletz Indians of Oregon and its members, any officer, agent, servant, employee, or attorney of either thereof, and any persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise are hereby permanently enjoined from asserting or prosecuting any claim for tribal hunting, fishing, trapping or gathering rights of said Tribe or its members other than as such rights are specified and limited by the terms and provisions of said Agreement.

4. Nothing in this Order shall prevent any party hereto or any successor to such party from bringing any action necessary to enforce or secure the observance of the provisions of said Agreement.

PAGE 2 - FINAL DECREE & ORDER

Form OBD-183
12-8-76 DOJ

Exhibit 1 to Joint Stipulated Motion to Vacate

5. Each party shall bear its own costs in this action.

DATED this 2nd day of May, 1980.

*James M Burns*
JAMES M. BURNS
United States District Judge

PRESENTED BY:

*Sharon Gordon*
SHARON GORDON
Attorney for the Confederated Tribes
of Siletz Indians of Oregon

*George D. Dysart*
GEORGE D. DYSART, Attorney for
United States of America

*Beverly B Hall*
BEVERLY B. HALL
Assistant Attorney General
Attorney for State of Oregon

PAGE 3 - FINAL DECREE & ORDER

Form OBD-183
12-8-76 DOJ

Exhibit 1 to Joint Stipulated Motion to Vacate

Case 3:80-cv-00433-AB   Document 1-2   Filed 10/10/24   Page 4 of 8

U. S. DISTRICT COURT,
DISTRICT OF OREGON
FILED
APR 23 1980
ROBERT M. CHRIST, CLERK
BY _____ DEPUTY

U. S. DISTRICT COURT,
DISTRICT OF OREGON
FILED
MAY 2  1980
___ CHRIST, CLERK
BJW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE CONFEDERATED TRIBES OF SILETZ INDIANS OF OREGON, <br><br> Plaintiffs, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> Intervenor-Plaintiff, <br><br> v. <br><br> STATE OF OREGON, <br><br> Defendant. | CIVIL NO. 80-433 <br><br> FINDINGS OF FACT AND <br> CONCLUSIONS OF LAW |

Upon motion of each of the parties hereto and being fully advised, and after open hearing thereon, the court hereby makes the following Findings of Fact and Conclusions of Law:

1. Plaintiff Confederated Tribes of Siletz Indians of Oregon (hereinafter referred to as "the Tribe") is a congressionally recognized tribe of native American Indians having a governing body duly recognized by the Secretary of the Interior and located and headquartered within the State of Oregon and is lawfully entitled to represent and act on behalf of its members with respect to the subject matter of this case. P.L. 95-195, 91 Stat. 1415.

Indian Resources Sec.
MAY 05 1980

PAGE 1 - FINDINGS OF FACT & CONCLUSIONS OF LAW

Exhibit 1 to Joint Stipulated Motion to Vacate

2.  The Tribe claims to own, for the benefit of itself and its members present and future, tribal hunting, fishing, trapping and gathering rights on lands and waters within the State of Oregon that are secured by or protected under federal law from infringement or control by the State of Oregon and has asserted its desire and intent to exercise, and to authorize its members to exercise, such rights free of restriction or control by the State except to the extent such state claim of authority may be determined or upheld by a binding order or decree of a court of the United States. Opportunity to harvest fish, wildlife and seafood resources of the region has long been and continues to be of considerable cultural and subsistence significance to the Tribe and its members.

3.  The State of Oregon denies the Tribe's claim to such hunting, fishing, trapping or gathering rights and asserts its sovereign authority to manage and regulate the taking of fish and wildlife by the Tribe and its members including but not limited to the fish and wildlife that are the subject of the Tribe's claim or are located on lands within Oregon of the Tribe or its members. The State has applied its fish and game laws to the taking of fish and wildlife by members of the Tribe whether acting individually or as agents or representatives of the Tribe to the same extent and in the same manner as it applies said laws to such taking by all persons under its jurisdiction and the State asserts its right and intent to continue to so apply and enforce its laws and regulations in the absence of a binding judicial determination of its lack of authority to do so. Such state enforcement can result in criminal prosecutions of, and the imposition of criminal fines and

Page 2--FINDINGS OF FACT & CONCLUSIONS
        OF LAW

Exhibit 1 to Joint Stipulated Motion to Vacate

imprisonments against, members of the Tribe who attempt to exercise the Tribe's claimed rights in a manner contrary to state law.

4. Many of the species of fish and game that are the subject matter of the Tribe's claim of right asserted hereunder are presently in such fragile condition of existence and preservation as to require the prompt and unimpeded imposition of regulatory controls over their harvest or other disturbance. This fact is acknowledged by all parties hereto and these parties desire that the controversy among them over the existence, nature and extent of the Tribe's claimed rights be resolved without lengthy and costly litigation of uncertain outcome and without the interim exertion of harvest pressure on the resource on the one hand, or denial of harvest opportunity on the other, that may subsequently be determined to have been inappropriate or unlawful.

5. The parties hereto, in a good faith effort to avoid such lengthy, costly and uncertain litigation, have conducted extensive negotiations for a settlement agreement that will define and provide for an agreed manner of exercise of tribal hunting, fishing, trapping and gathering activities under claim of tribal right. In so doing each of the parties has been advised by its own competent legal counsel who are experienced and highly knowledgeable in the law of Indian fishing and hunting rights. Such counsel and the court are in agreement that existing judicial and other legal precedents leave the outcome of the existing legal controversy uncertain in the absence of either a protracted pretrial and trial endeavor or a negotiated settlement.

Page 3--FINDINGS OF FACT & CONCLUSIONS
           OF LAW

m CBD-183
3-76 DOJ

Exhibit 1 to Joint Stipulated Motion to Vacate

6. The settlement agreement which the parties have executed, and which each of the parties has joined in asking the court to approve and decree as a settlement of this litigation, has been discussed at hearings for tribal members held by the Tribe and at public hearings held by the Oregon Department of Fish and Wildlife.

7. The members of the Tribe have adopted a constitution and established a tribal government in order to, among other specified purposes, "protect our inherent rights as Indians and as a sovereign Indian tribe," "maintain good relationships with . . . the State of Oregon . . .," and "acquire, develop, and conserve resources . . ." That constitution has been adopted by the members and approved by the Secretary of the Interior pursuant to federal statute, namely, the Indian Reorganization Act of 1934, 48 Stat. 987, as made applicable to the Tribe by the Siletz Indian Tribe Restoration Act, 91 Stat. 1415. That constitution provides that the authority of the tribal government shall extend over all persons, subjects and property now or hereafter included within the jurisdiction of the Tribe. The Tribe's constitution empowers the Tribal Council of the Tribe "to exercise all legislative and executive authority of the [tribal] government." The Tribal Council has approved and adopted the agreement contained in Attachment A of the Final Decree in this case.

8. This court has jurisdiction over the parties hereto and over the subject matter of this litigation. 28 U.S.C. §§ 1345, 1362. The complaint states a cause of action for which declaratory and injunctive relief may be sought under 28 U.S.C. §§ 2201 and 2202.

DATED this 2nd day of May, 1980.

(Page 5 follows)

*James M. Burns*
JAMES M. BURNS
United States District Judge

PAGE 4 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

Exhibit 1 to Joint Stipulated Motion to Vacate

1  THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW
2  PRESENTED BY:
3
4  _____
   SHARON GORDON
   Attorney for the Confederated Tribes
5  of Siletz Indians of Oregon
6  _____
   GEORGE D. DYSART, Attorney for
7  United States of America
8
   _____
9  BEVERLY B. HALL
   Assistant Attorney General
10 Attorney for State of Oregon

28 PAGE 5 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

Form OBD-183
12-8-76 DOJ

Exhibit 1 to Joint Stipulated Motion to Vacate